UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

THE TRAVELERS INDEMNITY COMPANY,
successor in interest by merger to GULF
INSURANCE COMPANY,                                    No. 07-CV-4032(NRB)
                                                      Hon. Naomi R. Buchwald
                            Plaintiff,

            -v-                                       **ANSWER**

MODERN INDUSTRIES, INC., <u>et</u> <u>al</u>.,

                            Defendants.
-----------------------------------------------------------------x


        Defendant Alla Krasner ("Krasner"), by her undersigned attorneys, for her

answer to the complaint, states as follows:

        1.- 3.    Krasner denies knowledge or information sufficient to form a

belief as to the truth of the allegations in ¶¶ 1-3 of the complaint.

        4.        Krasner admits that she is an individual, but denies the remaining

allegations in ¶ 4 of the complaint.

        5.        Krasner neither admits nor denies the allegations in ¶ 5 of the

complaint, as they do not require a response.

        6.        Krasner neither admits nor denies the allegations in ¶ 6 of the

complaint as calling for a legal conclusion to which no response is required. By way of

further response, Krasner denies knowledge or information sufficient to form a belief as

to whether there is diversity between the parties and whether the amount in controversy

exceeds $75,000.00 as required under 28 U.S.C. § 1332.

7.     Krasner repeats her responses to ¶¶ 1-6 of the complaint as if set forth fully herein.

8.     Krasner denies the allegations in ¶ 8 of the complaint, except that she denies knowledge or information sufficient to form a belief as to whether or not she or any other defendant signed the General Agreement of Indemnity attached as Exhibit A to the complaint (the "Indemnity Agreement").

9.     Krasner denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 9 of the complaint.

10.     Krasner denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 10 of the complaint.

11.     Krasner denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 11 of the complaint.

12.     Krasner denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 12 of the complaint.

13.     Krasner denies the allegations in ¶ 13 of the complaint to the extent they allege that Krasner is liable for any amounts due under the Indemnity Agreement, and denies knowledge or information sufficient to form a belief as to whether any of the other defendants failed to honor any obligation under the Indemnity Agreement.

14.     Krasner repeats her responses to ¶¶ 1-13 of the complaint as if set forth fully herein.

15. – 16. Krasner neither admits nor denies the allegations in ¶¶ 15-16 of the complaint, as they are not directed at Krasner and no relief is sought against Krasner on this claim.

17.     Krasner repeats her responses to ¶¶ 1-16 of the complaint as if set forth fully herein.

18. – 20. Krasner neither admits nor denies the allegations in ¶¶ 18-20 of the complaint, as they are not directed at Krasner and no relief is sought against Krasner on this claim.

21.     Krasner repeats her responses to ¶¶ 1-20 of the complaint as if set forth fully herein.

22. – 25. Krasner neither admits nor denies the allegations in ¶¶ 22-25 of the complaint, as they are not directed at Krasner and no relief is sought against Krasner on this claim.

26.     Krasner repeats her responses to ¶¶ 1-25 of the complaint as if set forth fully herein.

27.     Krasner neither admits nor denies the allegations in ¶ 27 of the complaint, as calling for a legal conclusion to which no response is required.

28.     Krasner denies the allegations in ¶ 28 of the complaint to the extent they allege that she has assumed or breached any fiduciary duties, and denies that she received any money or proceeds under the "Bonded Contracts." By way of further response, Krasner denies knowledge or information sufficient to form a belief as to whether other defendants received money or proceeds under the Bonded Contract and, if so, what happened to those money or proceeds.

29.     Krasner denies the allegation in ¶ 29 of the complaint as they relate to her, and denies knowledge or information sufficient to form a belief as to the other defendants.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

30.     Plaintiff has failed to state a claim upon which relief can be granted against Krasner.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

31.     This Court lacks subject matter jurisdiction over this case under 28 U.S.C. § 1332.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

32.     This Court is not the proper venue for this action.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

33.     Plaintiff's claims fail for lack of privity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

34.     Plaintiff's claims fail for lack of consideration.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

35.     Krasner has been discharged under the Indemnity Agreement or other guaranty of payment because the terms of the Indemnity Agreement or other guaranty and/or the underlying obligation(s) were altered without Krasner's consent.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

36.     Plaintiff's claims are barred by the Statute of Frauds.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

37.    Plaintiff's claims are barred by the doctrines of waiver and estoppel.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

38.    Plaintiff's claims are barred by the doctrine of unclean hands.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

39.    Plaintiff's claims are barred, in whole or in part, because it failed to mitigate its damages.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

40.    Any damages suffered by Plaintiff was caused, in whole or in part, by its own acts or omissions, and any damages awarded against Krasner and in favor of Plaintiff should be reduced by the proportion or culpable conduct attributable to Plaintiff.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

41.    Any damages suffered by Plaintiff was caused, in whole or in part, by the acts or omissions of persons outside Krasner's control, and any damages awarded against Krasner and in favor of Plaintiff should be reduced by the proportion of culpable conduct attributable to such persons.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

42.    Krasner revokes any continuing obligation under the Indemnity Agreement.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

43.    Krasner incorporates by reference the affirmative defenses asserted by the other defendants that are not set forth herein.

5

**JURY DEMAND**

44.    Krasner demands a trial by jury on all claims and issues so triable.

WHEREFORE, defendant Alla Krasner demands relief as follows:

A.    dismissal of the complaint in its entirety;

B.    the costs of suit, including reasonable attorneys' fees;

C.    such other and further relief as the Court deems just and proper.

Dated: New York, New York
       July 31, 2007

                    GREENBERG FREEMAN LLP


                    By:    /s/ *Michael A. Freeman*
                           Michael A. Freeman (MAF-9600)
                           24 West 40th Street, 17th Floor
                           New York, New York  10018
                           (646) 366-0881

                           Attorneys for Defendant Alla Krasner


To:    McELROY DEUTSCH MULVANEY & CARPENTER LLP
       Scott Levin
       88 Pine Street, 24th Floor
       New York, NY  10005
       212-483-9490
       Attorneys for Plaintiff

       MICHAEL SUCHER, ESQ.
       26 Court Street
       Brooklyn, NY  11242
       718-522-1995
       Attorney for Defendant Ronen Kozokhar